IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

QUINCY D. ROBERTS,

                 Petitioner,

v.

LOUIS WILLIAMS, II,

                 Respondent.

OPINION & ORDER

17-cv-516-jdp

---

        Federal prisoner Quincy Roberts has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. He challenges the application of the "career offender" guideline in § 4B1.1 of the United States Sentencing Guidelines, which applies under certain circumstances when a defendant has two prior felony convictions for a "crime of violence" or a "controlled substance offense." Thomas contends that his prior conviction for second-degree home invasion does not qualify as a "crime of violence" and his prior conviction for possession with intent to deliver cocaine does not qualify as a "controlled substance offense" under *United States v. Mathis*, 136 S. Ct. 2243 (2016), so he does not qualify as a career offender. Roberts also contends that he is actually innocent of his prior drug conviction.

        The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. (This rule also may be applied to habeas petitions not brought under § 2254, such as this petition pursuant to § 2241. Rule 1(b), Rules Governing § 2254 Cases). Under Rule 4, I must dismiss the petition if it plainly appears from the petition that petitioner is not entitled to relief; otherwise, I will order respondent to file an answer. *See also* 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief).

As Roberts acknowledges, a prisoner may not bring a habeas petition under § 2241 unless "the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). To satisfy § 2255(e), a prisoner must show the following things: (1) he is seeking correction of a fundamental defect in his conviction or sentence (such as a claim of actual innocence); (2) his petition is based on a new rule of statutory law not yet established at the time he filed his first § 2255 motion; (3) the new rule applies retroactively; and (4) he either raised the issue on direct appeal or in a § 2255 motion or the issue was foreclosed by controlling precedent at the time. *Montana v. Cross*, 829 F.3d 775, 784 (7th Cir. 2016), the *Light v. Caraway*, 761 F.3d 809, 812–13 (7th Cir. 2014); *United States v. Prevatte*, 300 F.3d 792, 799–800 (7th Cir. 2002); *In re Davenport*, 147 F.3d 605, 610-11 (7th Cir. 1998).

Roberts cannot meet the first requirement. Under *Hawkins v. United States*, 724 F.3d 915, 916 (7th Cir. 2013), "an error in calculating a defendant's guidelines sentencing range does not justify postconviction relief unless the defendant [was] sentenced in the pre-*Booker* era, when the guidelines were mandatory rather than merely advisory." *See also United States v. Coleman*, 763 F.3d 706, 708–09 (7th Cir. 2014) (recognizing that *Hawkins* is "the law of this circuit"). Roberts was sentenced in 2012, several years after the Supreme Court held that the guidelines are advisory in *United States v. Booker*, 543 U.S. 220 (2005), so *Hawkins* bars his claim.

Under Rule 11 of the Rules Governing Section 2254 Cases, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. But "federal prisoners proceeding under § 2241 need not obtain a certificate of appealability," *Sanchez-Rengifo v. Caraway*, 798 F.3d 532, 535 n.3 (7th Cir. 2015), so I do not need to decide whether Roberts is entitled to a certificate.

ORDER

IT IS ORDERED that petitioner Quincy Roberts's petition for a writ of habeas corpus under 28 U.S.C. § 2241 is DISMISSED because it is barred under 28 U.S.C. § 2255(e). The clerk of court is directed enter judgment and close this case.

Entered January 29, 2018.

BY THE COURT:

/s/
_____
JAMES D. PETERSON
District Judge